UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| JESUS RODRIGUEZ RODRIGUEZ, | Case No. 2:19-cv-00257-APG-PAL |
| Plaintiff, | ORDER |
| v. | |
| KEVIN SPEEK, et al., | |
| Defendants. | |

On February 11, 2019, plaintiff Jesus Rodriguez Rodriguez filed an incomplete application to proceed *in forma pauperis* but did not file a complaint. ECF No. 1. On February 22, 2019, Magistrate Judge Leen denied the application to proceed *in forma pauperis* because it was incomplete. ECF No. 3 at 1-2. She ordered Rodriguez to file a complaint and file a fully completed application to proceed *in forma pauperis* or pay the full filing fee of $400.00 within 30 days from the date of that order. *Id.* at 2. The 30-day period has now expired, and Rodriguez has not filed a complaint, filed another application to proceed *in forma pauperis*, paid the full filing fee, or otherwise responded to the court's order.

District courts have the inherent power to control their dockets and "[i]n the exercise of that power, they may impose sanctions including, where appropriate . . . dismissal" of a case. *Thompson v. Hous. Auth. of City of Los Angeles*, 782 F.2d 829, 831 (9th Cir. 1986). A court may dismiss an action, with prejudice, based on a party's failure to prosecute an action, failure to obey a court order, or failure to comply with local rules. *See Ghazali v. Moran*, 46 F.3d 52, 53-54 (9th Cir. 1995) (dismissal for noncompliance with local rule); *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (dismissal for failure to comply with an order requiring amendment of complaint); *Carey v. King*, 856 F.2d 1439, 1440-41 (9th Cir. 1988) (dismissal for failure to comply with local rule requiring *pro se* plaintiffs to keep court apprised of address); *Malone v. U.S. Postal Service*, 833 F.2d 128, 130 (9th Cir. 1987) (dismissal for failure to comply with court order); *Henderson v. Duncan*, 779 F.2d 1421, 1424 (9th Cir. 1986) (dismissal for lack of prosecution and

failure to comply with local rules).

In determining whether to dismiss an action for lack of prosecution, failure to obey a court order, or failure to comply with local rules, the court must consider (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic alternatives. *Thompson*, 782 F.2d at 831; *Henderson*, 779 F.2d at 1423-24; *Malone*, 833 F.2d at 130; *Ferdik*, 963 F.2d at 1260-61; *Ghazali*, 46 F.3d at 53.

Here, the first two factors, the public's interest in expeditiously resolving this litigation and the court's interest in managing the docket, weigh in favor of dismissal. The third factor, risk of prejudice to the defendant, also weighs in favor of dismissal, since a presumption of injury arises from the occurrence of unreasonable delay in filing a pleading ordered by the court or prosecuting an action. *See Anderson v. Air West*, 542 F.2d 522, 524 (9th Cir. 1976). The fourth factor – public policy favoring disposition of cases on their merits – is greatly outweighed by the factors in favor of dismissal discussed herein. Finally, a court's warning to a party that his failure to obey the court's order will result in dismissal satisfies the "consideration of alternatives" requirement. *Ferdik*, 963 F.2d at 1262; *Malone*, 833 F.2d at 132-33; *Henderson*, 779 F.2d at 1424.

Judge Leen's order requiring Rodriguez to file a complaint and to file another application to proceed *in forma pauperis* or pay the full filing fee within 30 days expressly stated that "if Plaintiff does not timely comply with this order, dismissal of this action may result." ECF No. 3 at 2. Thus, Rodriguez had adequate warning that dismissal would result from his noncompliance with the order to file a complaint and to file another application to proceed *in forma pauperis* or pay the full filing fee within 30 days.

It is therefore ordered that this action is dismissed without prejudice based on Rodriguez's failure to file a complaint and his failure to file another application to proceed *in forma pauperis* or pay the full filing fee in compliance with this court's February 22, 2019 order.

/ / / /

/ / / /

/ / / /

1    It is further ordered that the Clerk of Court shall enter judgment accordingly.

2    DATED THIS 3rd day of April, 2019.

3

4                                        _____
                                         UNITED STATES DISTRICT JUDGE

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23